## BENNETT *v.* CUTLER.

A mortgaged to B, to whom he was indebted, certain real ·estate, in which A had a
right of homestead, but A's wife did not join in the mortgage; afterward C, having
a debt against A, which had accrued since January 1, 1852, brought suit, and caused
the premises to be attached thereon.   Subsequently A and his wife, for a valuable
consideration, conveyed to B the equity of redemption in the premises, which was
not, at the date of C's attachment, or afterward, worth more than $500.   After this
C recovered judgment in his suit against A, and within thirty days thereafter levied
on the equity of redemption, which was duly sold upon the execution : *Held*—

That the homestead not having been set out, the right of homestead was not assign-
able;—

That as against C's attachment nothing passed by the deed of A and wife to B;—

That, as against B and those claiming under him, the purchaser of the equity of
redemption at the execution sale was entitled to redeem the premises by paying the
amount due upon the mortgage.

IN EQUITY.   The bill is brought to redeem certain mortgaged
real estate.   Answers and a replication having been filed, the par-
ties agree upon the following statement :

"In the fall of 1849, Henry D. Cutler, then of Colebrook, N. H.,
was seized and possessed, in his own right in fee, of the premises

described in the plaintiff's bill. The same fall he erected buildings thereon, and finished off the first story of it as a store, and the remainder as a dwelling-house. Afterward he built a barn and shed adjoining the building first described. He had a family, consisting of himself, his wife, and two children ; and they lived in and occupied said building (except the first story) as a dwelling-house, from December, 1849, till June, 1858. During said period H. D. Cutler occupied the first story thereof as a store, and for the purposes.of trade, until about March, 1857, when he failed. During all of the said time he claimed the said homestead, and owned no other real estate in New-Hampshire, and had no other dwelling-house or home. On the 20th of October, 1856, H. D. Cutler, being justly indebted (as the defendants contend) to the defendant, Harvey Cutler (his father), in that sum, executed to the latter his note for $750, payable to him, or bearer, on demand, with interest annually. On the 16th of March, 1857, said H. D. Cutler gave Harvey Cutler a mortgage of these premises, to secure the payment of that note. On the 3d of May, 1858, Harvey Cutler bought the equity of redemption therein, taking a deed from H. D. Cutler and his wife, of that date, for which he paid them five hundred dollars. Copies of said deeds are annexed to the answer of the defendant Cutler, and are referred to. It is admitted that at no time since March 16, 1857, has the right to redeem said premises from the mortgage of that date been worth over five hundred dollars. In the fore part of June, 1858, H. D. Cutler and his family left this State, and have never lived here since then. Harvey Cutler sold and conveyed the premises to the other defendants, by deed dated Oct. 10, 1859 ; a copy of which is annexed to the answer of said Merrills, and is referred to. Harvey Cutler occupied said premises a short time after he took the last deed from H. D. Cutler (and his wife), and the other defendants have occupied them ever since.

On the 18th of March, 1857, the plaintiffs had a debt against H. D. Cutler for goods sold and delivered, the whole of which accrued within two years of that date ; and on that day and year they sued out their writ against him, causing said premises to be attached thereon. After procuring judgment, the plaintiffs caused the said H. D. Cutler's equity of redemption therein to be sold on their execution. George C. Williams, as agent for the plaintiffs, bid off said equity, and took a deed of it from the officer ; and afterward said Williams conveyed it to the plaintiffs. Certified copies of the writ, and officer's return thereon, judgment and execution, and officer's return thereon, in said suit, and the two deeds last named, are made parts of the case, subject to all legal objection to their competency and regularity. The object of the bill being to redeem the premises, no question of variance is to be raised, in respect to the propriety of its allegations, for that purpose."

_Heywood_ and _Ranney_, for the plaintiffs.

_Benton & Ray_, for the defendants.

BARTLETT, J. By the attachment, the plaintiffs obtained a lien on all the debtor's interest in the premises, except the right of homestead, and any subsequent purchaser would take subject to that lien. The debtor and his wife then had, free from this lien, only the right of homestead, but, the homestead not having been set out, that right was not assignable. *Gunnison* v. *Twitchell*, 38 N. H. 62. As against the defendants, therefore, the plaintiffs, by virtue of the levy and execution sale, are entitled to redeem by paying the amount due upon the mortgage, and costs, except those accruing from the filing of the answers until now, which should be paid by the defendants. A master should be appointed to ascertain the amount due upon the mortgage, and to tax the costs according to these views.